

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

October 16, 2024

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
500 Pearl Street
New York, New York 10007

      Re:    *Talenthub Worldwide, Inc. v. Talenthub Workforce, Inc.,* **Case No. 24 Civ. 6264 (LGS)**

Dear Judge Schofield,

We write on behalf of Defendants Talenthub Workforce, Inc. ("Workforce"), Eric Goldstein, Standard Consulting, Inc., Diane Porembski ("Porembski"), Patricia Kampel ("Kampel"), Tanya Wilson (Wellard), Jeannine Triolo, Valerie West, Joseph Lipinski ("Lipinski"), and J Computer Pro, Inc. (collectively, "Defendants"), pursuant to Your Honor's October 16 Order (Dkt. 35) and Rule III of Your Honor's Individual Rules and Procedures in Civil Cases.  We write to request a conference to secure leave to file a Motion to Dismiss the Complaint filed by Plaintiff Talenthub Worldwide, Inc. ("Plaintiff") (Dkt. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

Plaintiff's CFAA Claim (Count X) Should Be Dismissed As Time-Barred

Claims for violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA") are governed by a two-year statute of limitations, which begins to accrue as "of the date of the act complained of or the date of the discovery of the damage." *See* § 1030(g); *accord Verschleiser v. Frydman,* No. 22-CV-7909 (JGK), 2023 WL 5835031, at *8 (S.D.N.Y. Sept. 7, 2023) (dismissing CFAA claim as time-barred where plaintiff's complaint pled that he had knowledge of defendants' purported unlawful computer access more than two years before claim was brought).

Plaintiff's CFAA claim here is based on allegations that certain Defendants stole Worldwide Computer Equipment and accessed Worldwide's online accounts without authorization. Compl. ¶¶ 121, 129, 152-53. The Complaint affirmatively pleads that Plaintiff became aware of that purported theft and access at least by July 11, 2022 – more than two years before this action was commenced on August 19, 2024. Specifically, the Complaint alleges that:

---

[1] Capitalized terms not defined herein have their meaning as in the Complaint.

October 16, 2024
Page 2

> For nearly two years before the Defendants' September 27, 2023 email [offering to return the Worldwide Computer Equipment], Glass through his prior counsel repeatedly demanded that Workforce return all of the above-referenced computer equipment, and all other property that Workforce stole from Worldwide. These demands included a letter to Workforce on ***July 11, 2022*** and emails on ***July 15, 2022*** . . . .
>
> ***Glass's July 11, 2022 letter also laid out Worldwide's claims against Workforce for violation of the Computer Fraud & Abuse Act***, stating: "Porembski and Kampel resigned their employment from Worldwide on January 6, 2022. On information and belief, the Worldwide Hard Drive was at the time in the Vanderbilt office. Moreover, both Porembski and Kampel still have access, use and conduct business through their respective Worldwide e-mail accounts, a system to which Gary has no access, without any legitimate or lawful business need or good reason, except to further damage Worldwide or otherwise unfairly compete and unjustly enrich Workforce.[2]

*See* Compl. ¶¶ 127-129; *see also* Exhibit A ("Porembski, Kampel and likely Goldstein, and perhaps others of the Workforce Personnel, including and especially Lapinski, have intentionally continued to access Worldwide's computer and e-mail systems, without authorization").

Accordingly, under any reading of the Complaint, Plaintiff was aware of the purported conduct giving rise to its CFAA claim, and said so, by at least July 11, 2022. Plaintiff's CFAA claim is therefore time-barred as a matter of law and must be dismissed.[3]

Plaintiff's DTSA Claims (Counts I-II) Should Be Dismissed

To state a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA"), a plaintiff must allege that "(1) it possessed a trade secret, and (2) defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means." *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 421 (S.D.N.Y. 2021). Accordingly, "[c]ourts regularly deny trade secret protection if the owner voluntarily discloses the alleged secret" (*id*. at 425), because "disclosure of alleged trade secrets to individuals or entities who are under no obligation to protect the confidentiality of the information extinguishes the owner's property right in the

---

[2] The relevant excerpts of that July 11, 2022 letter are attached hereto as Exhibit A. The Court may consider this document on a motion to dismiss because it is incorporated by reference into the Complaint. *See, e.g., Red Rock Sourcing LLC v. JGX LLC,* No. 21 CIV. 1054 (JPC), 2024 WL 1243325, at *1 (S.D.N.Y. Mar. 22, 2024). Defendants are not disclosing the balance of this letter because it was marked by Plaintiff's counsel as protected by Federal Rule of Evidence 408.

[3] The CFAA claim separately fails because Plaintiff does not plead any recoverable damages to meet the loss requirement of § 1030(c)(4).

purported trade secrets," *KT Grp. Ltd. v. NCR Corp.,* No. 15 CIV. 7482 (PGG), 2018 WL 11213091, at *13 (S.D.N.Y. Sept. 29, 2018); *accord Inv. Sci., LLC v. Oath Holdings Inc.,* No. 20 CIV. 8159 (GBD), 2021 WL 3541152, at *5 (S.D.N.Y. Aug. 11, 2021) (denying trade secret protection to information plaintiff "voluntarily disclosed" to potential business partner).

Here, the Complaint affirmatively pleads that Plaintiff voluntarily disclosed the Worldwide Trade Secrets to Defendants pursuant to a business arrangement, without any restrictions on the use of that information. Specifically, Plaintiff alleges that Workforce was formed in May 2021 by Glass (Plaintiff's founder and owner), Kampel and Porembski, and "established as a . . . Minority and Women Owned Business Enterprise . . . to service [Worldwide's] Clients," including "Client A" – "Worldwide's largest customer." *See* Compl. ¶¶ 103-04. In order to service such clients, Workforce was given access to Worldwide's Trade Secrets, including the Avionté software program (and data) where the Worldwide Trade Secrets "were produced and stored." *See* Compl. ¶¶ 69-72; *id*. at ¶¶ 61-62, 109 (stating that "Porembski and Kampel became employees of Workforce in May 2021" and continued to have access to Worldwide Trade Secrets until "early January 2022").

Significantly, the Complaint **does not** plead that Workforce – or outside "consultants" Goldstein and Lipinski who also were given access to the Worldwide Trade Secrets (Compl. ¶¶ 66, 73) – were subject to any written confidentiality agreement requiring them to keep this information confidential. Nor was Workforce ever instructed to return the Avionté software or data after its client servicing arrangement with Plaintiff concluded. To the contrary, Workforce's continued use of the Avionté data was endorsed in writing by Plaintiff's then-counsel. *See* Petition, *Glass v. Talenthub Workforce, Inc*., Index No. 157302/2023, attached hereto as Exhibit B, at ¶ 26 (Worldwide's then-counsel writing to Workforce's counsel: "If you want to have two passwords or separate accounts [for the Avionté data] for [Plaintiff] and Workforce that works.") (quoting an April 26, 2022 letter from Plaintiff's counsel, attached hereto as Exhibit C, at p. 2 ¶ 2).

Having thus freely shared the claimed Worldwide Trade Secrets with Workforce, and endorsed their continued use, Plaintiff cannot now pursue a DTSA claim here.[4]

\* \* \*

Because Plaintiff's CFAA and DTSA claims both fail as a matter of law, this Court lacks subject matter jurisdiction to hear this case, *see* 28 U.S.C.A. § 1447, and it should be remanded to State Court.[5]

---

[4] Plaintiff's DTSA claims should separately be dismissed because: (i) Plaintiff waited over two-and-a-half years after the alleged misappropriation to pursue such relief, which by itself defeats the request for injunctive relief and undermines that valuable trade secrets were misappropriated; (ii) Plaintiff fails to identify its trade secrets with sufficient specificity; and (iii) Plaintiff fails to allege it undertook sufficient measures to protect such information.

[5] If the Court were to conclude otherwise, however, then Defendants would anticipate addressing, by motion to dismiss, the legal insufficiency of Plaintiff's state law causes of action.

October 16, 2024
Page 4

                                  Respectfully submitted,

                                  */s/ Kenneth W. Taber*
                                  Kenneth W. Taber

cc:      All Counsel of Record (Via ECF)