

*[Signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

February 10, 2024

**Via ECF**

Plaintiff's request for leave to file a motion seeking discovery is **DENIED** for substantially the reasons stated in Defendant's letter at Dkt. No. 56. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 50 and 54.

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Dated: February 20, 2025
New York, New York

> **Re:** *Talenthub Worldwide, Inc. v. Talenthub Workforce, Inc.*, Case No. 24 Civ. 6264 (LGS)

Dear Judge Schofield:

Plaintiff Talenthub Worldwide Inc. (Plaintiff or "Worldwide") writes the Court seeking permission to file a motion to obtain certain communications regarding the possession and use of Plaintiff's computers based upon newly discovered evidence. Any assertion of attorney-client privilege to such communications is overcome by evidence of Defendants' numerous false statements through their unwitting counsel to a state court judge and Plaintiff's counsel. In accordance with your rules, we would request a conference on February 24, or another date convenient to the Court.

### I.       Introduction

Defendants stole computers, ignored requests to return them for 21 months, destroyed their value, falsely claiming they did not use the computers. In doing so, they furthered their fraudulent scheme to steal Worldwide's business operations.

The two computers at issue (under Count 3, the Computer Fraud and Abuse Act ("CFAA") claim alleged in the First Amended Complaint ("FAC") will be referred to as the Server and Goldstein's Desktop, collectively, the "Computers." FAC ¶¶ 90,135-37

### II.      Legal Standard for the Crime/Fraud Exception to the Attorney-Client Privilege

The privilege accorded communications between attorney and client can be vitiated where a client relates false statements through counsel, furthering the commission of a crime or fraud. To invoke the crime-fraud exception a party must demonstrate that (1) there is a factual basis demonstrating probable cause to believe that a fraud or crime has been committed and (2) the communications in question were in furtherance of the crime or fraud. *See e.g.*, *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997).