

> Application **DENIED**. Whether the documents requested by Plaintiff in the underlying state action should be produced is a question for Justice Moyne. The stay of discovery in this federal action is not intended to have any effect on discovery in the underlying state action. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 60.
>
> Dated: June 6, 2025
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

June 3, 2025

**VIA ELECTRONIC FILING**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Talenthub Worldwide, Inc. v. Talenthub Workforce, Inc. et al.*,
Case No. 24 Civ. 6264 (LGS)
Request to Clarify/Partially Lift Stay of Discovery

Dear Judge Schofield,

My firm represents Plaintiff Talenthub Worldwide Inc. ("Worldwide") in both this proceeding and in the New York State Supreme Court case *Goldstein v. Talenthub Worldwide, Inc. et al.*, Index No. 654474/2023 (the "State Case"). Pursuant to Rule III.C.3 of your individual rules, we write to request that the Court clarify its stay of discovery, or in the alternative, conduct a conference to resolve this dispute. Opposing counsel is using the stay issued by this Court to tactically avoid producing documents in the State Case that are essential to Plaintiff's affirmative defenses.

We appeared before Your Honor for a telephonic pre-motion conference on December 11, 2024. During that conference, the parties <u>jointly</u> requested a stay of discovery. At the time, I represented to the Court that discovery was proceeding in the State Case. The Court indicated that it was granting the stay because the State Case was already in discovery and a stay would not hinder the exchange of relevant information between the parties.

Unfortunately, since the stay was issued, opposing counsel has now made numerous incorrect representations in state court about the stay. Defendant falsely asserts that discovery "has been blocked by a Federal court discovery stay in [the] SDNY case." Letter Dated May 7, 2025, at 5 (Exhibit A). Defendant further says that "Judge Schofield has … stayed all discovery on Worldwide's Workforce-related claims." Letter Dated May 14, 2025, at 2 (Exhibit B). Most recently, Defendant claimed that "the Federal court has ruled any such discovery improper" and that Plaintiff is "precluded from simultaneously litigating the very same claims in two different forum." Letter Dated May 28, 2025, at 2 (Exhibit C). Of course, Plaintiff's affirmative defenses in the State Case are not the same claims present in the federal action, but even if they were, they would not be barred by the stay of discovery in the federal matter.[1]

---

[1] Recently, a third-party subpoena recipient wrote to us declining to produce discovery, in part, because they were told by opposing counsel that "the subpoena … should be subject to a court-ordered stay of discovery." Again, this