

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

October 7, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Talenthub Worldwide, Inc. v. Talenthub Workforce, Inc., et al.*, Case No. 24-cv-6264-LGS

Dear Judge Schofield:

We write on behalf of Defendants in connection with the Motion for Reconsideration, dated October 3, 2025 (Dkt. 68, the "Motion") filed by Plaintiff Talenthub Worldwide, Inc. ("Plaintiff").

We understand that, pursuant to Rule III(A)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, Defendants should not submit an opposition to the Motion until and unless the Court directs such a response. Accordingly, Defendants will not respond substantively to the Motion until and unless Your Honor requests such a response. However, Defendants wanted to bring to the Court's attention the fact that the Motion is plainly untimely under Local Rule 6.3 – the rule under which Plaintiff expressly moves for reconsideration. *See* Motion at 2.[1]

Under Local Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration . . . of a court order determining a motion shall be served **within fourteen (14) days** after the entry of the Court's determination of the original motion." Emphasis added. Here, because the Motion requests reconsideration of the Court's September 5, 2025 Opinion & Order (Dkt. 67, the "Order"), any motion for reconsideration was due by

---

[1] Although Plaintiff contends that "Local Rule 6.3 [] is governed by the same standard as Federal Rules of Civil Procedure 59(e) and 60(b)" (*id.*), to the contrary, Local Civil Rule 6.3 has a 14-day deadline, whereas motions brought under Federal Rule 59(e) "must be filed no later than 28 days after the entry of judgment" (*see* Fed. R. Civ. P. 59(e)) and motions brought under Federal Rule 60(b) "must be made within a reasonable time" (*see* Fed. R. Civ. P. 60(c)). However, neither Federal Rule 59(e) nor 60(b) apply here because, *first*, the Order is not a "judgment" (as required under Rule 59(e)), and, *second*, the Order is not a "final order" (as required under Rule 60(b)).

September 19, 2025. Yet, the Motion was not filed until 14 days past that deadline, on October 3, 2025.

Accordingly, the Motion is untimely and should be rejected on that basis alone. *See, e.g. Bulgari v. Bulgari,* No. 22 CIV. 5072 (LGS), 2025 WL 1413584, at *2 (S.D.N.Y. May 15, 2025) ("Local Civil Rule 6.3 requires parties to file motions for reconsideration within fourteen days of the challenged order. Courts in this District routinely deny reconsideration motions as untimely where the movant fails to comply with Rule 6.3.") (Schofield, J).

      Respectfully submitted,

      **PILLSBURY WINTHROP SHAW PITTMAN LLP**

      By: /s/ *Kenneth W. Taber*
      *Counsel for Defendants*

cc:   All Counsel of Record (Via ECF)

4923-9263-4480