

Anthony M. Capozzolo
212 897 1970
anthony.capozzolo@lbkmlaw.com

October 8, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Talenthub Worldwide, Inc. v. Talenthub Workforce, Inc., et al.*,
     Case No. 24-cv-6264-LGS

Dear Judge Schofield:

  We write on behalf of Plaintiff Talenthub Worldwide, Inc. in response to the October 7, 2025 letter from counsel for Defendants claiming that Plaintiff's Motion for Reconsideration (Dkt. 68, the "Motion") is untimely.

  The Motion was filed in adherence to Local Rule 6.3, which states: "Unless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." The Local Rule thereby creates the general rule that a motion for reconsideration must be served within 14 days unless a statute provides an exception.

  Plaintiff filed its Motion pursuant to one of those exceptions—Federal Rule of Civil Procedure 52, which states that a "motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e). Plaintiff filed its Motion within that 28-day period, therefore making it timely. Defendants' claim that Rule 59 is not available because the Court's September 5, 2025 Decision and Order is not a "judgment" is defeated by the language of the Decision and Order itself, which denied the claims with prejudice.[1] *See* Dkt 67 at 13 ("the CFAA claim and the DTSA claim will be dismissed with prejudice"); Fed. R. Civ. P 54 (defining "judgment" as "any order from which an appeal lies"); *see also Mech. Licensing Collective v. Spotify USA Inc.*, 2025 WL 2733228, at *2 (S.D.N.Y. Sept. 25, 2025) (a party may file a Rule 59 motion for reconsideration of a motion to dismiss which was granted with prejudice).

---

[1] Defendants' citation to *Bulgari v. Bulgari*, No. 22 Civ. 5072 (LGS), 2025 WL 1413584, at *2 (S.D.N.Y. May 15, 2025) is similarly misplaced, as the docket of that case clearly demonstrates that the motion for reconsideration was not brought pursuant to Rule 59, but rather on Local Civil Rule 6.3 solely, and thereby the citation is inapplicable. *See Bulgari v. Bulgari*, No. 22 Civ. 5072 (LGS), Dkt 495.



Hon. Lorna G. Schofield<br/>
October 8, 2025<br/>
Page 2

Accordingly, the Motion is timely.

        Respectfully submitted,

        <u>/s/ Anthony M. Capozzolo</u>
        Anthony M. Capozzolo

cc: Counsel via ECF