UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TALENTHUB WORLDWIDE, INC., :
:
                          Plaintiff, :      24 Civ. 6264 (LGS)
          -against- :
:
TALENTHUB WORKFORCE, INC. et al., :      **ORDER**
:
                      Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on October 3, 2025, Plaintiff filed a motion for reconsideration of the Memorandum and Opinion entered on September 5, 2025, 24 Civ. 6264, 2025 WL 2578385 (S.D.N.Y. Sep. 5, 2025) (the "September 5 Order"), dismissing the First Amended Complaint.

    WHEREAS, "[t]he standard for reconsideration under Local Civil Rule 6.3 is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words that might reasonably be expected to alter the conclusion reached by the court.'" *In re Palermo*, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *accord Rouviere v. DePuy Orthopaedics Inc.*, 560 F. Supp. 3d 774, 789 (S.D.N.Y. 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 4987405, at *1 (S.D.N.Y. Dec. 5, 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d

Cir. 2012), *as amended* (July 13, 2012); *accord Otrompke*, 2024 WL 4987405, at *1.  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

WHEREAS, reconsideration is denied because Plaintiff's present arguments could have been raised in opposing the motion to dismiss, but Plaintiff instead proceeded under a different theory in opposing that motion.  *See Analytical Survs.,* 684 F.3d at 52 (finding no abuse of discretion where court declined to consider arguments that could have been raised prior to judgment); *Amigon v. Luzon*, No. 21 Civ. 2029, 2025 WL 2792655, at *1 (S.D.N.Y. Oct. 1, 2025) (stating that rules governing reconsideration are designed "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters" (quoting *In re Gen. Motors LLC Ignition Switch Litig.*, 14 Md. 2543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021)).  The September 5 Order dismissed the CFAA claim as time-barred because on July 11, 2022, more than two years before Plaintiff filed this action, Plaintiff's counsel sent to Defendants a letter stating that Plaintiff was aware that Defendants were "intentionally continu[ing] to access [Plaintiff's] computer and e-mail systems, without authorization."  2025 WL 2578385 at *3.  Plaintiff now argues that the reference to "computer and e-mail systems" in that letter pertained only to Plaintiff's cloud computing systems -- not to two pieces of computer equipment (a server and desktop) to which Plaintiff discovered damage at a later date.  Plaintiff's prior briefing contradicts this argument.  In opposing the motion to dismiss, Plaintiff argued that the July 11 letter raised "possible, hypothetical claims" regarding the "computers subject to the CFAA claims," which Plaintiff defined as the server and desktop.  This argument was considered and rejected in the September 5 Order.  *See id.* at *3.  The

contrary reading of the July 11 letter Plaintiff advances now is not a proper basis for reconsideration.

WHEREAS, the September 5 Order directed Plaintiff to file any motion to seek leave to replead its Defend Trade Secrets Act claim by October 3, 2025, but Plaintiff did not do so. In advancing the present motion, Plaintiff states that its deadline to replead has expired, and all claims have been dismissed with prejudice. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED.**

The Clerk of Court is respectfully directed to close the case.

Dated: October 24, 2025
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**